### In re GROETZINGER.

(Circuit Court of Appeals, Third Circuit. February 2, 1904.)

1. BANKRUPTCY—FIRM AND INDIVIDUAL CREDITORS—LAND STANDING IN NAME OF PARTNER.

As between the creditors of a firm and a member thereof, both adjudged bankrupt, the firm creditors are entitled to priority in the proceeds of real estate which stood in the name of a partner, but in fact was part of the firm property.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Pennsylvania, in Bankruptcy.

For opinion below, see 110 Fed. 366. For opinion on motion to dismiss petition for review, see 127 Fed. 124.

George W. Guthrie, for appellants.
H. M. Allen and William Scott, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. In a proceeding in which the firm of A. Groetzinger & Sons, and its members individually, were adjudged bankrupt, the District Court ordered the trustee of both the partnership and individual estates to sell certain property. This order was not opposed, and no right adverse to the trustee was asserted. The only contention was as to how the fund produced by the sale should be applied. That fund was acquired by the bankruptcy court through the exercise of its authority to cause the estates of bankrupts to be reduced to money and distributed, and we have no doubt of its jurisdiction to summarily determine the controversy in relation thereto which the conflicting claims to it presented.

The fund which has been referred to comprised the proceeds of sale of two certain pieces of land, and improvements thereon, including machinery, etc., known respectively as the "La Belle Tannery" and the

"Allegheny Tannery." It was claimed by the creditors of the co-partnership of A. Groetzinger & Sons, and also by the individual creditors of Adolph Groetzinger. The referee decided that it should be first distributed to the payment of the firm creditors, and to the court's affirmance of that decision this petition for review is directed.

The referee found that, although "upon the face of the record the legal title to the real estate aforesaid was vested in Adolph Groetzinger individually," yet, as matter of fact, it was "a part of the property of the firm of A. Groetzinger & Sons," and investigation of the evidence has convinced us of the correctness of this finding. It is contended, however, that, as matter of law, the recorded legal title conclusively established the ownership to, be in the partner in whose name that title stood. But this contention cannot be sustained. It certainly conflicts with the weight of authority in this country generally, and, in our opinion, the decisions of the courts of Pennsylvania, which it is claimed should be controlling, do not support it. We have reached this conclusion after careful examination of those decisions, but need not discuss them, for they have been already sufficiently referred to and satisfactorily considered both in the report of the referee and in the opinion of the court below. It is not necessary to determine whether our present judgment can be reconciled with that of the Circuit Court in Re Zug, 16 N. B. R. 280, Fed. Cas. No. 18,222. It is enough to say of that case that it is not of binding authority, and that its consideration by us has not shaken our confidence in the correctness of the views we have expressed.

The order of the District Court is affirmed.