In re BROWN WAGON CO. (J. E. FAY & EGAN CO., Intervener).

(District Court, S. D. Georgia, W. D. July 28, 1915.)

1. BANKRUPTCY ⚙140—UNSECURED CREDITORS—CONDITIONAL SALES—VALIDITY—RECORD.

Under Code Ga. 1910, § 3319, providing that conditional sales must be recorded within 30 days from their date, and in other respects shall be governed by the laws as to the registration of mortgages, and section 3260, providing that mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained prior to actual record, the record of a conditional sale within 30 days is not necessary as against unsecured creditors of the buyer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⚙140.]

2. BANKRUPTCY ⚙140—PREFERENCES—CONTRACT OF CONDITIONAL SALE—RECORD.

Under Bankr. Act, July 1, 1898, c. 541, 30 Stat. 557, § 47, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), giving the trustee the rights of a judgment creditor, the lien of a bankrupt's trustee has no priority over a claim under a contract of conditional sale, executed in good faith prior to the 4-months period, but recorded within that time; but the claim under the conditional sale contract is to be

allowed as a secured claim against the fund arising from the sale of the particular machinery specified in such contract.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ☞140.]

In Bankruptcy. In the matter of the Brown Wagon Company, bankrupt. On petition for review of referee's decision disallowing claim of the J. E. Fay & Egan Company as a secured claim. Report of referee overruled, with directions.

J. N. Talley and A. H. Heyward, both of Macon, Ga., for trustee in bankruptcy.

Minter Wimberly, of Macon, Ga., for objecting creditors.

John R. L. Smith, of Macon, Ga., and W. A. Thompson, of Atlanta, Ga., for intervener.

SPEER, District Judge. This case has been twice heard. The referee who first passed upon the issue involved has died, and the referee appointed to succeed him was of counsel. This has occasioned some delay. The question involved arises on a petition for review of the decision of the former referee. This disallowed the claim of J. E. Fay & Egan Company as a secured claim against the bankrupt, Brown Wagon Company.

The claimant sold certain machinery to the bankrupt, retaining title until payment. This was by contract of June 12, 1911, and payment was due in September of the same year. At maturity the note given was renewed until April 5, 1912. The contract for retention of title was not recorded until January 20, 1912; this being about 7 months after its execution. The Fay & Egan Company contends that it is entitled to a lien on the machinery thus sold, to which the retention of title contract related. To the contrary, the trustee, representing the general creditors, contends that the retention title contract is void because it was not recorded within 30 days as required by the law of Georgia; also that the recording of the contract within 4 months anterior to bankruptcy constituted a preference voidable at the instance of the trustee. He also contends that, at the time the contract was recorded, the claimant, Fay & Egan Company, had reasonable cause to believe that the Brown Wagon Company was insolvent, and in this way obtained a preference by recording the contract.

This last contention was made by the trustee on a second reference, after the matter had been heard in this court. In a supplemental opinion filed by the referee on this particular point, it was held that no reasonable cause for belief on the part of the Fay & Egan Company that Brown Wagon Company was insolvent existed. The referee, however, sustained the contentions of the trustee on the ground that the contract was not recorded as required by the state law, and, further, that the amendment of 1910, giving the trustee the rights of a judgment creditor, gave him, therefore, a priority over the lien recorded within 4 months of bankruptcy. It followed that as a secured claim the retention of title contract in favor of the intervener was disallowed.

[1] The Code of Georgia (section 3319) provides:

"Conditional bills of sale must be recorded within thirty days from their date, and in other respects * * * be governed by * * * laws relating to the registration of mortgages."

In this connection Code, § 3260, should be considered:

"Mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made prior to * * * actual record of the mortgage."

There seems nothing in this provision to indicate that the retention of title contract is rendered void by failure to record within 30 days, as held by the referee. The purpose of registration is, of course, to put future purchasers or vendors on notice; but failure to record does not impair the validity of the contract as between the parties to it. It has been held in Georgia in a number of cases that the recording of conditional sales and mortgages is not necessary as against unsecured creditors. This rule has been adopted also by the bankruptcy courts.

[2] It is true, as cited by the referee, that the amendment to the Bankruptcy Act of 1910 gave to the trustee the rights of a judgment creditor, and such amendment makes it necessary for all mortgages and liens to be recorded before bankruptcy to be good as against such right of the trustee. Here, however, the contract, it is plain, was executed prior to the 4-months period. True, it was recorded within that period. It has been repeatedly held that a lien recorded even one day before bankruptcy is good as against this statutory lien of the trustee. This is obvious, because such record, if bona fide, was made before the trustee was appointed and before his lien could exist. It is also plain that this contract was executed in good faith more than 4 months before bankruptcy. There is an utter absence of evidence that there was any agreement to withhold the contract from record, and, as we have seen, the referee held that the Fay & Egan Company had no reasonable cause to believe that the Brown Wagon Company was insolvent at the time the contract was recorded. In the case of Jacobson & Perrill (D. C.) 200 Fed. 812, it was held:

"The lien of a bankrupt's trustee, conferred by the Bankruptcy Act as amended in 1910, does not relate back to a period 4 months prior to the institution of bankruptcy proceedings, nor can it antedate the institution of such proceedings."

Also a case more clearly in point was that of Keeble v. John Deere Plow Co. (decided by the Circuit Court of Appeals for the Fifth Circuit) 190 Fed. 1019, 111 C. C. A. 668. There it was held that a conditional sale, although recorded within 4-months period, was valid against the trustee, as it was recorded before the lien of the trustee did or could attach. The same rule was made applicable to a mortgage, under the same circumstances, in Re J. H. Virgin, Bankrupt, recently decided by this court, 224 Fed. 128.

In view of these considerations, the court feels obliged to overrule the report of the referee and direct that the claim of J. E. Fay & Egan Company, under their retention title contract, be allowed as a secured claim against the fund arising from the sale of the particular machinery specified in that contract.