## In re GAMBLE.

(District Court, W. D. Pennsylvania.
February 23, 1926.)

### No. 12030.

**1. Bankruptcy ⊕149—Land owned by a partnership, but title to which was in a partner, held to pass to the trustee of the partnership as against the trustee of the partner (Comp. St. § 9585 et seq.).**

Under the law of Pennsylvania, which is not contrary to any provision of the Bankruptcy Act (Comp. St. § 9585 et seq.), land bought and paid for by a partnership, and held for partnership purposes, though title was taken in the name of a partner, without disclosing the interest of the partnership, where no liens had been created against it by the partner prior to bankruptcy of both partnership and partner, passes to the trustee of the partnership for the benefit of its creditors, as against the trustee for the partner.

**2. Bankruptcy ⊕151.**

Trustee takes no better title to property than bankrupt had.

**3. Bankruptcy ⊕155.**

Trustee in bankruptcy takes the interest of the bankrupt, subject to all equities imposed on it in the hands of bankrupt.

**4. Bankruptcy ⊕151—Trustee is vested with no greater rights as lien creditor than existed against bankrupt (Comp. St. § 9631).**

Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), vesting a trustee with all the rights, remedies, and powers of a creditor holding a lien, does not entitle him to claim any higher rights than those which existed against the bankrupt when the petition was filed.

In Bankruptcy. In the matter of Samuel Gamble, bankrupt. On petition of Foster J. Hartman, trustee in bankruptcy of the Gamble Land Company, for an order conveying to him certain land standing in the name of Samuel Gamble. Granted.

Max V. Schoonmaker, of Pittsburgh, Pa., for receiver.

Kountz & Fry, of Pittsburgh, Pa., for Potter Title & Trust Co.

THOMSON, District Judge. In this case the trustee of a bankrupt partnership prays for an order conveying to him certain real estate standing in the name of one of the bankrupt members of the firm, averring that the land belongs to the partnership, and is first liable for the partnership debts. The facts which appear in the petition and answer, and in the stipulation filed by the parties, are not in controversy; so that the question before the court is one of law.

[1] The facts of the case briefly are these:

The Gamble Land Company is a partnership composed of Gamble, Hill, Bell, and Sossong. This company went into bankruptcy, and Foster J. Hartman is the receiver and petitioner here. Samuel Gamble, a member of the partnership, is in bankruptcy; the Potter Title & Trust Company being trustee of his estate. Certain land, of the approximate value of $100,000, was purchased by the partnership about 1905 with the partnership funds; but the legal title to the land was put in the name of Samuel Gamble, and so remained when bankruptcy intervened. There are partnership debts and debts of the said Samuel Gamble; the debts of the latter being more than sufficient to absorb the proceeds of the land in question for the payment of his individual debts. By stipulation filed, it is agreed that, in December of 1924, Samuel Gamble gave to the Grove City National Bank, for the purpose of securing the discount of notes issued by the Gamble Land Company, a written financial statement of the partnership, which includes, among its assets, the land and assets involved in this issue; that, relying on said representation, the Grove City National Bank discounted notes of the said land company, which were renewed from time to time, and at the time of the bankruptcy proceedings the bank still held unpaid obligations of the Gamble Land Company in the sum of $7,000.

There are other large partnership creditors, and there are no liens of any kind against the said Samuel Gamble. In this situation the issue becomes a contest as to the superior rights of the partnership and individual creditors. As the land lies in Pennsylvania, the question must be decided by the laws of this state, except so far as they may be modified by the provisions of the national Bankruptcy Act (Comp. St. § 9585 et seq.).

It being conceded that the property in question is in fact the property of the partnership, and purchased by its funds, it is beyond controversy that, as between the firm and the individual, Samuel Gamble, the land belongs to the partnership, and should be transferred to its trustee. But it is claimed that this general principle does not apply; that the land will not take the form of partnership property, unless a deed or some other writing of record gives notice of that fact; that the parties will be presumed to have put their title on record in accordance with the facts, and that those who dealt with them have a right to act upon this presumption; and that, when it comes to the question of the distribution of the proceeds of a sale of land so held, the individual creditor will have pri-

ority over the firm, which claims by virtue of a title in contradiction of the deed.

If this were a contest between the partnership and one who was an innocent purchaser without notice from Samuel Gamble, or if judgments or other liens had been obtained against him while the title stood in his name, as to all these priority would exist as against the partnership creditors. But this principle does not apply to the general creditors of the individual, who have no judgment or other lien. It is well settled in Pennsylvania that as to purchasers and lien creditors the deed will control; but it is equally well settled that, if the land is purchased with partnership funds and for partnership purposes, the general rule is that it is thereby made partnership assets. Meason v. Kaine, 63 Pa. 335; Warriner v. Mitchell, 128 Pa. 153, 18 A. 337; Collner v. Greig, 137 Pa. 606, 20 A. 938, 21 Am. St. Rep. 899; Hays et al. v. Treat et al., 178 Pa. 310, 35 A. 987; Stover v. Stover, 180 Pa. 425, 36 A. 921, 57 Am. St. Rep. 654, and other cases.

It was strenuously urged on behalf of the trustee of Samuel Gamble that this general principle is overthrown by the case of Gwinner v. Union Trust Co., 226 Pa. 614, 75 A. 856. An examination of that case will disclose that the principle contended for was not involved in that case. The court below found the property in question was not partnership property, and it followed as a necessary consequence that the partnership creditors had no claim against the funds. What was said by the learned judge in his opinion, which went beyond the question involved, would be mere dictum. The affirmance by the Supreme Court of the judgment on the findings of fact and conclusions of law necessarily followed. In harmony with the principles which I have stated is the case of In re Groetzinger, 127 F. 814, 62 C. C. A. 494, wherein the court held that partnership creditors are entitled to the principal of partnership real estate, although the legal title was in the name of one of the partners without disclosing the right of the partnership, there being no liens of record against the individual.

[2, 3] Nor is the law of Pennsylvania changed or modified in the provisions of the National Bankruptcy Act. It has been conclusively settled that under that act the trustee takes no better right or title to the bankrupt's property than belonged to the bankrupt at the time the trustee title accrued, and is subject to all the equities imposed upon it in the hands of the bankrupt. The trustee's title cannot rise higher than that of the bankrupt, so as to impinge upon or destroy the interest in or title to the property, good as against the bankrupt himself. Davis v. Crompton, 158 F. 735, 85 C. C. A. 633; York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 S. Ct. 690, 48 L. Ed. 986. [4] Nor is the principle here involved in any manner affected by the supplement to the act of 1910, known as section 47a of the Bankruptcy Act (Comp. St. § 9631). The rights and remedies of the trustee in bankruptcy are determined by the conditions at the time the petition is filed. While it is provided under section 47a that, as to all property coming into the bankruptcy court, the trustee "shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon" this does not entitle him to claim any higher rights than those which existed against the bankrupt when the petition was filed. All the equities against the bankrupt and all the liens and rights which existed against him at that time can be asserted against his trustee. Keeble v. Deere Plow Co., 190 F. 1910, 111 C. C. A. 668; In re Brown Wagon Co. (D. C.) 224 F. 266; Bailey, Trustee, v. Baker Ice Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275.

It follows, under the conceded facts of the case, that the rights of the creditors of the partnership are superior to those of the individual creditors of Samuel Gamble, and to effect such preference the land in question should be conveyed to the trustee of the partnership for the purpose of legal and equitable distribution. An order may be drawn accordingly.