ROBINSON *et al. vs.* WOODMANSEE *et al.*

80  249
e120 636

1. Where a bill was filed by creditors against a debtor, alleging that the latter had made a fraudulent sale of his property to his brother and had given fraudulent mortgages to others, and an injunction was granted, on the final trial there was no error in admitting in evidence a petition filed by the complainants against the debtor and his vendee, praying for an attachment for contempt against them for violating the injunction, and their answer thereto. One of the questions in the case being whether the debtor had made a fraudulent sale, and these documents tending to show that he persisted in trying to give effect to such sale, they were admissible as evidence against him.

2. There was no error in admitting the testimony of two witnesses, who were familiar with handwriting and the effect of ink, in regard to the signatures to the mortgages attacked, as to when they were signed and with what kind of ink, and how they looked. This was a circumstance which might or might not throw light on the *bona fides* of the mortgages.

3. As against the debtor, it was admissible to show that, in conversations by him with a third person, he stated that his brother was worth nothing. This was a circumstance tending to show want of *bona fides* on the part of the debtor in the transfer to his brother, and that the former knew that the latter was insolvent at the time of the sale to him.

4. Where the debtor testified that he applied to a third party for a loan of money, and that such party introduced him to the mortgagee in the first mortgage given and which was attacked in the bill, and took part in obtaining the loan for him and a subsequent extension of time, there was no error in allowing the debtor, on cross-examination, to testify that such third party had shortly theretofore failed, and had made a preferred creditor of the present debtor. The question being one of fraud or no fraud, all the facts and circumstances throwing any light upon the transaction, or the motives of the parties, were admissible to go to the jury.

5. The cash-book of the debtor, having been introduced in evidence, was in for all purposes, and there was no error in allowing counsel to comment on erasures and changes therein. The erasures could have been seen by the defendants as well as the complainants; and if the former wished to explain them, they could have done so while the debtor was on the stand. It appears that he was notified that the comments would be made before the argument for the defendants was concluded, and the final argument for the complainants begun.

6. It was error to charge as matter of law, that if the jury believed

that the debtor made.the mortgages attacked, and there was an understanding with the persons receiving them that they should be kept off the records, for the purpose of protecting his financial credit, then they would be fraudulent as to all persons extending credit to the debtor after that date. It is for the jury to say what the intention was, and whether the mortgages were given by the debtor for the purpose of hindering, delaying or defrauding his creditors. If they should find that such was the intention of the debtor, still it would not affect the mortgagee, unless such intention was known to him, or without notice or grounds for reasonable suspicion.

7. There was no error in the matters complained of in the 9th, 10th and 11th grounds of the motion for a new trial.

October 20, 1887.

Evidence. Debtor and creditor. Fraud. Practice in superior court. Attorney and client. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1886.

To the statements contained in the opinion, the following additions only are necessary:

The petition mentioned in the first division of the opinion charged W. G. Robinson, Jr. and R. V. Robinson, his brother, with having violated the injunction by collecting money due W. G. Robinson, Jr. after the injunction was granted. The testimony of Leonard and Forbes, the admission of which was complained of in the third and fourth grounds of the motion for new trial, was to the effect that they had examined the mortgages in question, and in their opinion the signatures thereto were more recent than the date stated in the mortgages themselves; the examination testified to by them having been made when the mortgages were brought in for record. These witnesses also stated the reasons for their opinion, and in connection therewith, the effect of time upon the various kinds of ink. The objection to the testimony was, that the mortgages themselves had not been introduced in evidence at the time of the introduction of this testimony, but they were afterwards put in by the defendants.

The testimony of Wellhouse, the admission of which was complained of in the fifth ground of the motion, was that W. G. Robinson, Jr. had stated to him that his brother R. V. "was not worth a damn." This testimony was with reference to the financial condition of R. V. Robinson. The witness stated that he did not remember precisely at what time this statement was made to him, but that it was not made after the bill was filed.

The testimony alluded to in the fourth division of the opinion tended to show that Shuttles, before the time when W. G. Robinson, Jr. alleged that he borrowed part of the money for which the mortgages were given, had failed in business; and that Robinson knew of this failure, but notwithstanding, applied to Shuttles for the loan of money after it occurred, and was introduced by Shuttles to Conley, with the view of assisting Robinson to procure a loan from Conley. The evidence also tended to show that Shuttles was the intimate friend and associate of both Robinson and Conley, and was the intermediary in procuring from Conley further accommodation for Robinson as to the alleged indebtedness of Robinson to Conley. The fact as to Shuttles having failed in business was drawn from Shuttles on cross-examination.

As to the seventh ground of the motion for new trial, it should be stated that no request was made by the defendants that they be allowed to reopen the case and introduce testimony to explain the erasures and changes mentioned, although defendants' counsel were notified, before the concluding argument for the plaintiffs was begun, that the comments complained of would be made.

The ninth ground of the motion complained that the court erred in charging the jury, that the attacks made upon the sale and mortgages were the same, except that there was one attack upon the mortgages, to-wit, the one in reference to keeping them off the record, which had no application to the sale. The pleas and the evidence in

the case show that the statement made by the court was a correct one.

The tenth ground of the motion complained that the court erred in charging thus: If the sale was an honest one, a *bona fide* transaction, and there was no element of fraud, and the real value was paid, it should be upheld. The complaint of this charge was, that it was too strong, and that all the law required was that the transaction be *bona fide* on a valuable consideration, and without notice or grounds for reasonable suspicion.

The eleventh ground complained that the verdict was contrary to a certain charge of the court.

T. P. WESTMORELAND, D. P. HILL and A. A. MANNING, for plaintiffs in error.

HARRISON & PEEPLES, W. R. BROWN, CANDLER, THOMSON & CANDLER, J. T. PENDLETON, E. H. ORR, R. B. BARNES, H. & B. SMITH, J. D. CUNNINGHAM and J. M. ARROWOOD, *contra.*

SIMMONS, Justice.

The complainants, Woodmansee *et al.*, filed their bill in Fulton superior court against the defendants, Robinson *et al.*, alleging that Robinson was indebted to them in a large sum of money, and that he had made a fraudulent sale to his brother, R. V. Robinson, and had given fraudulent mortgages to Conley *et al.* Upon the trial of the case, the jury returned a verdict in favor of the complainants, and the defendants moved for a new trial upon the grounds set out in the motion, which was overruled by the court below, and the defendants excepted, and assign error upon the refusal of the judge to grant a new trial.

1. The second ground of the motion is, that the court erred in admitting as evidence, over defendants' objection, the petition of complainants, and the answer of defendants in the proceedings against W. G. Robinson, Jr. and

R. V. Robinson, praying for an order for contempt against the defendants in violating the injunction. We see no error in admitting these papers as evidence against W. G. Robinson, Jr., one of the questions in the case being that he had made a fraudulent sale, and these documents tending to show that he persisted in trying to give effect to said sale.

2. We see no error in the court's admitting the testimony of Leonard and Forbes, complained of in the third and fourth grounds of the motion. The matter testified to by them was a circumstance which might or might not throw light upon the *bona fides* of the mortgagees, and it was proper to admit it to the jury for their consideration.

3. We see no error in admitting the testimony of Wellhouse, as complained of in the fifth ground. It was a circumstance going to show the want of *bona fides* of the trade between W. G. Robinson and his brother, R. V. Robinson. The jury might infer as against W. G. Robinson, from these circumstances, that W. G. Robinson knew that his brother was insolvent at the time he made the purchase of the goods in the store.

4. There was no error in the court's admitting the testimony as to the failure of Shuttles, taken in connection with other testimony given by the same witness. It is often difficult to prove actual fraud. In the investigation of cases in which it is alleged, it is necessary that all facts and circumstances throwing any light upon the transaction, or the motives of the parties, be allowed to go to the jury.

5. There was no error in the court's allowing counsel to comment on erasures and changes of entries in the cashbook, as complained of in the 7th ground. That part of the book was introduced in evidence, and was in for all purposes. The erasures could have been seen by the defendants as well as the plaintiffs, and if they wished to explain them, they could have done so while the witness was on the stand. It appears that he was notified that

the comments would be made before the argument for the defendant was concluded, and the concluding argument of the plaintiffs begun.

6. The eighth ground is as follows: " Because the court erred in the following charge to the jury: ' When a debtor makes a mortgage to a creditor, and makes an agreement with him, at the time the mortgage is executed, that it shall be kept off the record beyond the time allowed by the law for recording, that this shall be done to protect his commercial standing (that is, the commercial standing of the debtor), such a mortgage as that would be fraudulent as against persons who, after that time, extended credit to such debtor. To apply that rule to this case, if you should believe that W. G. Robinson, Jr. made these mortgages, and that at the time he made them he had an understanding with the persons receiving them, that they should be kept off of the record for the purpose of protecting his financial credit, then these mortgages would be fraudulent as to such persons as extended credit to Robinson after this date.' "

Complaint is made by the plaintiffs in error of this part of the charge, because the court instructed the jury as a matter of law, that, " if they believed that Robinson made these mortgages, and there was an understanding with the persons receiving them, that they should be kept off the record for the purpose of protecting his financial credit, then the mortgages would be fraudulent as to all persons extending credit to Robinson after this date." We think this part of the charge erroneous. Under the facts of the case, it was not, as a matter of law, fraudulent to agree not to record the mortgages. It is not necessarily a fraud to agree not to record a mortgage. The agreement or understanding may have been made with the most honest intention. It is for the jury to say what the intention was; whether the mortgages were given by the debtor for the purpose of hindering, delaying or defrauding his creditors. If they should find that that was the intention of the debtor,

still it would not affect the mortgagee, unless " such intention was known to him, or without notice or grounds for reasonable suspicion." " Secrecy or concealment is not fraudulent *per se,* but a badge of fraud, to be considered by the jury with the other facts of the case." It has been held " that an arrangement or understanding in regard to witholding mortgages from record until the the mortgagors should have trouble, did not render the mortgages void, but was a matter for the consideration of the jury, in passing upon the question of fraud."

" An agreement to conceal the fact of a purchase is not *per se* fraudulent, but is merely matter of evidence in favor of avoiding the sale, which, although perhaps very strong, is still capable of explanation." Wait on Fraudulent Conveyances, p. 323, and authorities cited. See also Bump on Fraudulent Conveyances, p. 82.

7. We see no error in the matters complained of in the 9th, 10th and 11th grounds of the motion, but we reverse the judgment on the error in the charge complained of in the 8th ground.

Judgment reversed.