A91A1310. HILL v. ALL SEASONS FLORIST, INC.
(412 SE2d 619)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit against appellee-defendant, seeking to recover for personal injuries allegedly sustained in a vehicular collision. After appellant had filed and then dismissed a motion for a default judgment as to appellee's liability, appellee moved for summary judgment in its favor. The trial court not only granted summary judgment in favor of appellee, it also awarded appellee OCGA § 9-15-14 attorney's fees based upon its finding that the motion for default judgment that appellant had filed and dismissed was frivolous. Appellant appeals from this order of the trial court.

1. Urging that genuine issues of material fact remain as to the viability of his tort claim, appellant enumerates as error the grant of summary judgment in favor of appellee.

"Under the [former, but herein applicable,] provisions of the Georgia Motor Vehicle Accident Reparations Act ([former] OCGA Ch. 33-34 ([cit.])) one[, such as appellee, who was] insured in conformity with its requirements [was] 'exempt from liability to pay damages for noneconomic loss unless the injury [was] a serious injury,

as defined in paragraph (13) of [former] Code Section 33-34-2 ([cit.]).' [Former] OCGA § 33-34-9 (a) ([cit.]). Therefore, a 'serious injury' as defined in [former] OCGA § 33-34-2 (13) ([cit.]) constitute[d] the so-called 'threshold' requirement which must [have been] met in order [for appellant] to recover for pain and suffering, i.e., non-economic loss. [Cit.] The sole issue addressed on the motion for summary judgment was whether [appellant] met this prerequisite." *Sealy v. Western Broadcasting of Columbus*, 168 Ga. App. 493 (309 SE2d 633) (1983). " 'Serious injury' mean[t] an accidental bodily injury which resulted in death, *a fractured bone*, permanent disfigurement, dismemberment, permanent loss of a bodily function, permanent partial or total loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding $500.00, *or injury resulting in disability for not less than ten consecutive days*." (Emphasis supplied.) Former OCGA § 33-34-2 (13).

Several hours after the collision, appellant had been diagnosed as having a fractured ankle. However, the treating physician had noted that it was an "old fracture," and testified by way of deposition that "he could not tell how far in the past it had occurred but . . . [he] didn't feel it occurred within that twenty-four hour period at least." Based upon this evidence, appellee moved for summary judgment on the ground that there was no causal relationship between the vehicular collision and appellant's fractured ankle. In opposition, appellant produced no expert testimony. In his affidavit, however, appellant stated the following: "My left ankle was injured in [the] collision. Prior to [the] collision there was no soreness or swelling in [the] ankle. I had full use of [the] ankle with no limitations on my physical activities; walking, running, etc. Within minutes of said collision, I noticed pain and swelling in [the] ankle and later that day a doctor . . . diagnosed a fracture of my ankle and a cast was applied. . . . As a direct result of injuries received in the collision . . . , I was totally disabled [for] 51 days." Appellant also testified that he had been unable to work during this 51-day period.

Since it was undisputed that appellant *had* suffered a fracture, there was no "medical question" as to diagnosis or prognosis and the only issue was whether that fracture had occurred as the result of the collision. Compare *Eberhart v. Morris Brown College*, 181 Ga. App. 516, 517 (1) (352 SE2d 832) (1987) (prognosis of an injury is a medical question). As the movant for summary judgment, "the burden was on [appellee] to establish as a matter of law that the fracture resulted [not] from the injury sustained on [the date of the collision, but rather] on [a prior date]." *Sealy v. Western Broadcasting of Columbus*, supra at 495. Since the issue of when the fracture had occurred was not a medical question, appellee could not meet its burden as the movant for summary judgment by introducing medical opinion testi-

mony. "That portion of the medical testimony which served to establish [the absence of] a causal link between the automobile collision and the [fracture] was expert opinion testimony as opposed to testimony as to a fact. [A] jury is always free to reject expert opinion testimony and substitute their own knowledge and experience. [Cit.]" *Hughes v. Newell*, 152 Ga. App. 618, 621 (2) (263 SE2d 505) (1979). "Even if [the treating physician] had testified unequivocally that [the fracture was neither] the result of [the] collision—[nor was there even a] collision-caused aggravation of a prior [fracture]—[a] jury would not be bound by that testimony. [Cit.]" *Pinkston v. Hagin*, 157 Ga. App. 2, 3-4 (2) (276 SE2d 67) (1981).

Moreover, even if appellee had met its initial burden, appellant's affidavit would be sufficient to demonstrate that a genuine issue of material fact remained as to whether his fracture was the result of the collision. Appellant "was certainly in a position to have personal knowledge [whether he had injured his ankle in the collision]." *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 204 (2) (345 SE2d 904) (1986). "A lay plaintiff is ' "competent to testify to his feelings, pains and symptoms, as well as to all of the characteristics of the injury, external and internal. . . ." ' (Cit.)" *Eberhart v. Morris Brown College*, supra at 518-519 (1). "Inasmuch as the factual contention is not one capable of proof *only* by expert testimony, it [would] not [be] necessary for [appellant] to produce expert testimony at trial. [Cits.]" (Emphasis in original.) *BSF, Inc. v. Cason*, 175 Ga. App. 271, 273 (2) (333 SE2d 154) (1985). It follows that appellant was not required to produce expert testimony regarding the date of his fracture in this summary judgment proceeding. *Savannah Valley Prod. Credit Assn. v. Cheek*, 248 Ga. 745 (285 SE2d 689) (1982). "Although the physician tended to attribute the fracture to [an occurrence preceding] the collision, [a] jury [would be] free to reject this testimony and find from [appellant's] recital of [the] medical history [of his ankle] that [his injury was not] pre-existing. [Cits.]" *Loyd v. Henry*, 174 Ga. App. 49-50 (2) (329 SE2d 195) (1985). Moreover, even if appellant's testimony were insufficient to show that he had suffered a fracture in the collision, it was certainly sufficient to create a genuine issue of material fact as to whether he had sustained an "injury" in the collision "resulting in disability for not less than ten consecutive days." Former OCGA § 33-34-2 (13).

"On the record before us, it is for the jury to determine whether more credit is to be given to the [treating physician] than to [appellant]. ' "Where a question of credibility arises as to a material issue, summary judgment should not be granted. (Cits.)" (Cits.)' [Cit.]" *Cherokee County Hosp. Auth. v. Beaver*, supra at 205 (2). It follows that the trial court erred in granting summary judgment in favor of appellee.

2. The trial court's grant of appellee's motion for OCGA § 9-15-14 attorney's fees is enumerated as error.

As noted, the trial court awarded OCGA § 9-15-14 attorney's fees to appellee based upon a motion for default judgment as to liability which appellant had filed in the action and then dismissed. Appellant's motion for default judgment had been based upon an admitted mistake made by appellee's counsel in connection with the filing of appellee's answer. Although appellant cited no *controlling* authority showing that the mistake made by appellee's counsel authorized the grant of default judgment, appellee likewise cited no *controlling* authority showing that the mistake of its counsel would not authorize the grant of default judgment. Both appellant and appellee were relying upon general authority in support and defense of the motion and, even assuming that the authority upon which appellee relied was the more persuasive, it cannot be said that the authority upon which appellant relied was entirely unpersuasive.

Under these circumstances, there would be no evidentiary basis for a finding that the motion for default judgment was "*substantially frivolous*" so as to authorize an award of attorney's fees under OCGA § 9-15-14 (b). To hold otherwise would violate the spirit, if not the letter, of OCGA § 9-15-14 (c): "No attorney or party shall be assessed attorney's fees as to any claim or defense which the court determines was asserted by said attorney or party in a good faith attempt to establish a new theory of law in Georgia if such new theory of law is based on some recognized precedential or persuasive authority." Accordingly, the award of attorney's fees must be reversed.

*Judgments reversed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 19, 1991.

*James W. Lewis*, for appellant.

*Mozley, Finlayson & Loggins, R. Ann Grier, Hirsch Friedman & Associates, Hirsch Friedman*, for appellee.