A93A1690. CENTENNIAL LIFE INSURANCE COMPANY v. SMITH.
A93A1691. SEGALL v. CENTENNIAL LIFE INSURANCE COMPANY.
(435 SE2d 498)

BLACKBURN, Judge.

This is an appeal and cross-appeal from the trial court's order granting appellee Sandra Smith's motion for summary judgment and denying cross-appellant Terry Segall's motion for summary judgment. The underlying action, sounding in fraud, was brought by Centennial Life Insurance Company (Centennial) against Segall, Smith, and Segall & Sons, Inc. d/b/a Segall Associates (Segall & Sons), the defendants therein. Essentially, Centennial, and its predecessor in interest, paid benefits of $49,904.28 to health care providers based on claims submitted by or on behalf of Smith. Subsequent to its payment of these benefits, Centennial became aware of facts indicating that Smith was not a proper insured. In its complaint, Centennial contends that it was defrauded by the defendants, who acted jointly and severally to misappropriate the $49,904.28 in medical claims. On appeal, Centennial asserts that issues of fact remain which preclude the award of summary judgment to either Smith or Segall. We agree.

"In order to prevail on a motion for summary judgment [pursuant to OCGA § 9-11-56], a defendant-movant is required to pierce

the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. . . ." (Citations and punctuation omitted.) *Trust Co. Bank v. Stubbs*, 203 Ga. App. 557, 560 (417 SE2d 373) (1992). Furthermore, "the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt. The movant has the burden to prove the non-existence of any genuine issue of material fact, and in so determining, the court will treat the respondent's paper with considerable indulgence." (Citations and punctuation omitted.) *Mackinnon v. Hodge*, 204 Ga. App. 539 (420 SE2d 341) (1992).

In order to prevail on its cause of action for fraud, Centennial must prove the following: "(1) a false representation by defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from action; (4) justifiable reliance by the plaintiff; and (5) damages. [Cit.]" *Wiederhold v. Smith*, 203 Ga. App. 877, 878 (418 SE2d 141) (1992). Therefore, in order for Smith and Segall to prevail on their respective motions for summary judgment, they must show that no genuine issue of material fact exists as to, at least, one of the elements of fraud, and that as a matter of law, Centennial is unable to prove all the required elements.

1. Smith claims that as to Centennial's case against her, the first element is missing, i.e., that she made a false representation to Centennial. She contends that she did not sign the enrollment form to obtain insurance and that she does not recall signing any claim forms, regarding her emergency surgery. Smith asserts the evidence is uncontested as to this issue because a handwriting expert deposed that the signatures on the contested forms were not Smith's signatures. Smith argues that because Centennial put forth no expert testimony disputing her expert, there is no issue of material fact as to this issue. We cannot agree. If Centennial's cause of action required the testimony of an expert in order to make a prima facie case, it would be necessary for Centennial, in order to survive Smith's motion for summary judgment, to produce the testimony of an expert disputing the opinion of Smith's expert. See *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45) (1978). However, in the case sub judice, to establish proof of handwriting, expert testimony is not required. In fact, any witness who "knows or would recognize the handwriting [is] competent to testify as to his belief." OCGA § 24-7-6. Furthermore, "a jury is always free to reject expert opinion testimony and substitute their own knowledge and experience." (Citation and punctuation omitted.) *Hill v. All Seasons Florist*, 201 Ga. App. 870, 872 (412 SE2d 619) (1991).

Moreover, even if Smith were able to conclusively establish that she did not actually sign the insurance enrollment card or claim forms, summary judgment in her favor would not be proper. Smith

could have participated in a scheme to defraud Centennial even if she did not sign the forms in question. Therefore, this is an issue properly resolved by the jury.

Next, Smith asserts that Centennial is unable to prove its justifiable reliance. Smith argues that Centennial's lawsuit against its predecessor in interest proves that Centennial did not rely upon any statements or representations made by any defendant in the case. However, Smith is unable to point to any evidence in the record which supports her contention. On motion for summary judgment, "the burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him." (Citation and punctuation omitted.) *Stubbs*, supra at 560. In the present case, the burden never shifted to Centennial to come forward with additional evidence supporting its claim of justifiable reliance because Smith failed to produce evidence showing that she was entitled to judgment as a matter of law. Therefore, this issue should also be determined by the jury.

Smith did not attempt to dispute any other elements of Centennial's cause of action for fraud. Therefore, due to Smith's inability to pierce the allegations of Centennial's complaint with undisputed evidence, the trial court's award of summary judgment to Smith was improper. See *Mackinnon*, supra and *Stubbs*, supra.

2. In Segall's cross-appeal, he asserts that the trial court erred in failing to grant his motion for summary judgment. Segall contends that the undisputed facts show that, as a matter of law, Centennial could not have relied upon any representations made by him when making payments to medical providers based on Smith's claims. In its complaint, Centennial alleged that on January 23, 1990, Segall signed a sworn statement in which he represented that Smith had worked for Segall & Sons an average of 30 hours per week from June 9, 1988 through January 21, 1989. Segall admits to signing a statement to that effect and he admits that he was aware that the statements were false. However, he contends that Centennial could not have detrimentally relied upon his statement because Centennial and its predecessor in interest made the $49,904.28 in payments to Smith's medical providers prior to his January 23, 1990 statement.

The undisputed facts also show that in May 1987, while Terry Segall was the Chief Executive Officer of Segall & Sons, the company purchased group health insurance through Harold Becker, an independent insurance agent. Several facts surrounding the purchase of this insurance are disputed. Becker deposed that Segall & Sons represented to him that the group health plan was to be for employees of the company and that Smith was a full-time employee of Segall & Sons. Segall testified that he informed Becker that the health plan

was to be for former employees of Segall & Sons. Therefore, the representations made by Segall in procuring the insurance are disputed. As issues of fact remain with regard to Centennial's claims against Segall, summary judgment on behalf of Segall was correctly denied by the trial court.

*Judgment affirmed in Case No. A93A1691. Judgment reversed in Case No. A93A1690. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 24, 1993 —
RECONSIDERATION DENIED SEPTEMBER 8, 1993 

*Savell & Williams, John C. Parker, Michael A. Ryder, Brian J. Buckelew*, for Centennial Life Ins. Co.

*Portman & Felser, Barnard M. Portman, Victor J. Tetreault, Robert P. Phillips III*, for Smith and Segall.