A94A2192. PECORA et al. v. FIRST BANK OF GEORGIA.
A94A2193. HENDRIX et al. v. FIRST BANK OF GEORGIA.
(457 SE2d 200)

BLACKBURN, Judge.

This is an appeal of the trial court's order granting partial summary judgment to the plaintiff First Bank of Georgia (First Bank) in the underlying action for fraud.

Jesse T. Hendrix Builders, Inc. (Hendrix) purchased two lots for residential construction from Joseph Pecora through Pecora's agent, Gerald Kopp. In connection with the purchase, Hendrix executed two security deeds in favor of Pecora for the purchase price of the lots. At closing, Kopp agreed to not record the security deeds so that Hendrix would be able to get credit from his suppliers. Kopp maintained that he agreed to forebear recording the security deeds in order to facilitate Hendrix's ability to obtain credit. Thereafter, Hendrix obtained a construction loan from First Bank, which was properly recorded. Hendrix did not inform First Bank of the two unrecorded deeds, and Kopp was unaware that Hendrix obtained such construction loan.

Hendrix subsequently defaulted on the construction loan and First Bank chose to accept a deed in lieu of foreclosure on the subject property. In connection with closing on the deed in lieu of foreclosure, Hendrix signed an owner's affidavit stating that he knew of "no one claiming under any unrecorded deed, or instrument of any nature, or claiming any interest in said lands whatsoever. . . ." On the same day that Hendrix executed the deed in lieu of foreclosure to First Bank, Kopp recorded Pecora's security deeds. Pecora's security deeds did not appear of record when First Bank checked the title on the property several days before the closing.

Approximately four months later, as First Bank prepared to sell one of the lots, it again searched the title to the property and discovered Pecora's security deeds. First Bank brought the instant action for fraud against Pecora, Kopp, and Hendrix.

1. On appeal, Pecora, Kopp and Hendrix contend the trial court erred in granting partial summary judgment to First Bank because there was no evidence they intentionally deceived First Bank.

"In order to prevail on its cause of action for fraud, [First Bank was required to] prove the following: (1) a false representation by defendant[s]; (2) scienter; (3) an intention to induce [First Bank] to act or refrain from action; (4) justifiable reliance by [First Bank]; and (5) damages." (Citations and punctuation omitted.) *Centennial Life Ins. Co. v. Smith,* 210 Ga. App. 194, 195 (435 SE2d 498) (1993). In *Sulli-*

*van v. Ginsberg*, 180 Ga. 840, 845-846 (181 SE 163) (1935), the Georgia Supreme Court noted that "[i]n *Robinson v. Woodmansee*, 80 Ga. 249 (6) (4 S. E. 497), the trial judge [wrongly] instructed the jury that if there was an understanding between the mortgagor and the mortgagees, that the instruments should be kept off the record for the purpose of protecting the financial credit of the mortgagor, the mortgages would be fraudulent as to all persons who thereafter extended credit to him. This charge was held to be erroneous, because 'it was not, as a matter of law, fraudulent to agree not to record the mortgages,' it being a question for the jury as to what the intention was — 'whether the mortgages were given by the debtor for the purpose of hindering, delaying, or defrauding his creditors,' and whether, if so, the mortgagees knew of such intention or had 'notice or grounds for reasonable suspicion.' "

Kopp's failure to originally record Pecora's two security deeds did nothing more than effectively subordinate those deeds to the subsequent security deed obtained by First Bank when it closed on the construction loan made to Hendrix, which deed was recorded April 27, 1990. OCGA § 44-14-63. First Bank's interests or rights with respect to its security interest in the subject property were not adversely affected by the failure to record Pecora's security deeds. It is the grantee of an unrecorded security deed that is generally at risk upon the failure to record its deed. Any subsequent grantee of a security interest from the same vendor, who takes without notice of the prior conveyance, is under such circumstances in the same position it would be in if there had been no prior deed. Indeed, had First Bank elected to foreclose on its recorded security deed, Pecora's position would have been secondary and he would not have received anything from the foreclosure sale until First Bank had been made whole.

First Bank's decision to take a deed in lieu of foreclosure, rather than foreclosing, was based upon the misrepresentations of Hendrix, not those of Kopp or Pecora. Upon learning of Hendrix's misrepresentations concerning unrecorded deeds, First Bank could have moved to set aside the deed, and proceeded thereafter with foreclosure as described above.

The issue presented is whether Kopp's decision to hold the deeds and subsequently record them the same day First Bank closed on its deed in lieu of foreclosure was a fraudulent act of Kopp and Pecora for the purpose of injuring Hendrix's creditor. First Bank presented no evidence of the essential elements as they relate to Kopp and Pecora, nor did First Bank present evidence of a conspiracy between Hendrix and Kopp and Pecora *for the purpose of injuring Hendrix's creditor.* The existence of the conspiracy, its intent, its purpose, and the question of any injury to First Bank arising therefrom, are all jury questions as to Kopp and Pecora under the facts of this case. "Ques-

tions of fraud . . . are, except in plain and indisputable cases, questions for the jury." *Brown v. Techdata Corp.*, 238 Ga. 622, 625 (234 SE2d 787) (1977). The timing of the ultimate recordation of Pecora's security deeds, while suspicious, is not sufficient to authorize a partial summary judgment as to fraud.

With regard to the defendants Jesse T. Hendrix and Jesse T. Hendrix Builders, Inc., we find that there was sufficient evidence of fraud because at the closing on First Bank's deed in lieu of foreclosure, Hendrix executed the owner's affidavit denying knowledge of any unrecorded deeds or interests and conveyed the deed in lieu of foreclosure with knowledge of the falsity of his affidavit so that First Bank would not foreclose.

2. In Case No. A94A2192, the trial court erred by granting First Bank's motion for partial summary judgment with respect to its cause of action in fraud against the defendants Gerald Kopp and Joseph Pecora, and we reverse. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In Case No. A94A2193, the trial court correctly granted First Bank's motion for partial summary judgment with respect to its cause of action in fraud against Hendrix, and we affirm.

*Judgment affirmed in Case No. A94A2193 and reversed in Case No. A94A2192. Beasley, C. J., McMurray, P. J., Pope, P. J., and Johnson, J., concur. Birdsong, P. J., Andrews, Smith and Ruffin, JJ., concur in part and dissent in part.*

RUFFIN, Judge, concurring in part, dissenting in part.

While I agree with the majority that the trial court correctly granted First Bank's motion for partial summary judgment against Hendrix, I do not agree that the court erred in also granting the Bank's motion for partial summary judgment against Pecora and Kopp. I note initially that although Pecora denies any knowledge of Kopp's actions in this case, since it is undisputed that Kopp was at all times acting as his agent, this denial is of no consequence. A principal is liable for the neglect and fraud of his agent in the transaction of the principal's business. OCGA § 10-6-60. This is true even if the principal had no knowledge that the agent wilfully concealed material facts in transacting the business of the agency. OCGA § 10-6-56. Accordingly, even if Pecora had no knowledge of any of Kopp's actions, he is still bound by any fraudulent acts found to have been committed by Kopp during these transactions.

"In order to prevail on its cause of action for fraud, [First Bank was required to] prove the following: '(1) a false representation by defendant[s]; (2) scienter; (3) an intention to induce [First Bank] to act or refrain from action; (4) justifiable reliance by [First Bank]; and (5) damages. [Cit.]' [Cit.]" *Centennial Life Ins. v. Smith*, 210 Ga. App. 194, 195 (435 SE2d 498) (1993). *Sullivan v. Ginsberg*, 180 Ga.

840 (181 SE 163) (1935), cited by the majority, involved similar allegations as those in the instant case. In *Sullivan*, a corporation had agreed with one of its creditors that " 'mortgages would be not recorded, so that the credit of the corporation would not be lessened or destroyed by the recordation of such mortgages, so that the corporation might secure additional advances from creditors subsequent to the date of the execution of the various notes and mortgages. . . .' " Id. at 844. There the court recognized that " 'it was not, as a matter of law, fraudulent to agree not to record the mortgages,' it being a question for the jury as to what the intention was. . . ." Id. at 846.

In this case it is clear that Pecora and Kopp intended to deceive Hendrix's future construction creditors into believing there were no mortgages on the property so that those creditors would extend financing to Hendrix. Although Pecora and Kopp contend there is no evidence they agreed with Hendrix that they would not record the security deeds for this purpose, Kopp's affidavit testimony and Hendrix's deposition testimony clearly show there was such an agreement. Kopp stated in his affidavit that "[a]t the closing, [Hendrix] requested of affiant that the loan deeds not be immediately recorded so that [Hendrix] might better be able to get credit from his suppliers. Honoring that request, the loan deeds were not recorded." Similarly, Hendrix admitted in his deposition that "the purpose that Mr. Kopp agree[d] not to file [the] security deeds . . . of record was so it would appear to First Bank of Georgia that [Hendrix] owned [the lots] free and clear and that [he] had clear title to them[.]" It is clear from these statements not only that the parties intended to conceal the security deeds but that they did so to induce potential creditors like First Bank to extend credit to Hendrix.

It is also clear from the record that First Bank justifiably relied on the fact that there were no encumbrances on the property before extending the loan to Hendrix and accepting the deed in lieu of foreclosure. On each occasion, First Bank not only searched the titles of the two lots and found no security deeds but required Hendrix to execute a property owner's affidavit stating there were no unrecorded claims on either lot. Since First Bank exercised due diligence in searching the land records, see *Hardage v. Lewis*, 199 Ga. App. 632 (405 SE2d 732) (1991), I believe the trial court was authorized to find reliance. See *Florida Rock &c. v. Moore*, 258 Ga. 106 (5) (365 SE2d 836) (1988).

Finally, the affidavit of First Bank's president regarding damages in this case is uncontroverted. In his affidavit, the president attests to damages resulting from having to complete construction of the residences as well as damages resulting from the existence of Pecora's security deeds on the lots.

Although the majority found that issues remained as to whether

Kopp's subsequent recording of Pecora's security deeds was a fraudulent transaction, it is the original agreement to *not record* the security deeds in order to deceive Hendrix's future creditors that forms the basis of the fraud here. First Bank was one such creditor which relied on its finding no claims against the property when it conducted the title searches, when it loaned the money to Hendrix, when it agreed to take a deed in lieu of foreclosing on the lots and when it accepted that deed. Pecora and Kopp's eventual decision to record the security deeds was merely the culmination of their continuing deceptive enterprise.

Although the question of fraud is ordinarily within the province of the jury, in plain and undisputed cases it is proper that the determination be made by the court. Accordingly, I believe the trial court did not err in granting First Bank's motion for partial summary judgment against Pecora and Kopp on the issue of fraud.

I am authorized to state that Presiding Judge Birdsong, Judge Andrews and Judge Smith join in this dissent.

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 31, 1995.

*Albert B. Wallace, Stephen B. Wallace,* for appellants (case no. A94A2192).

*Wood, Odom & Edge, Arthur B. Edge IV,* for appellants (case no A94A2193).

*Eidson & Associates, James A. Eidson,* for appellee.

