JOHN R. WORRILL *et al.*, plaintiffs in error, *vs.* FRANCIS M. COKER, defendant in error.

Where the complainant was the assignee of a mortgage, and had foreclosed and levied it upon the defendant's land, said mortgage being for the purchase money thereof, and pending litigation in reference thereto, the parties agreed upon a settlement, to the effect that defendant should pay annually so much money, giving his notes therefor, but if he failed to pay any note, that the mortgage *fi. fa.* should proceed to levy and sell the land, retaining for that purpose all its priority of lien and vitality, and defendant paid one of the notes but failed to pay the next two that were due, and complainant proceeded to advertise the land under the old levy on the *fi. fa.*, and the defendant's wife, by collusion with her husband, claimed the land, and complainant filed a bill against husband and wife, alleging the foregoing facts, in substance, and further alleging the insolvency of both defendants, husband and wife, and the waste of the land by the defendants, so that it would soon be so exhausted, and the timber so destroyed that the land would not near pay the purchase money, and praying for a receiver to take charge of the land, and hold the rents, issues and profits thereof to await the final hearing of the cause; and where a receiver was appointed, and, on the trial, the defendants demurred to the bill for want of equity, and moved to vacate the appointment of the receiver, and the court overruled the demurrer, and refused the motion to vacate:

*Held*, that there is equity in the bill, and that the court did right to overrule the demurrer; and that this court will not control the discretion of the chancellor in retaining the receiver until the final disposition of the case.

Equity. Vendor and purchaser. Receiver. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1875.

Reported in the opinion.

HAWKINS & HAWKINS; J. A. ANSLEY, for plaintiffs in error.

Worrill *et al. vs.* Coker.

B. P. HOLLIS; LANIER & ANDERSON, for defendant.

JACKSON, Judge.

This case rests on the following state of facts : On the 8th day of October, 1863, John R. Worrill executed to Barney Parker his mortgage deed of said date, to secure the payment of two promissory notes, which came due respectively on the 1st day of January, 1864 and 1865, which notes were given for a tract or settlement of land in Sumter county, for the sum of $4,000 00 each, making in the aggregate $8,000 00, which were assigned by said Parker to F. M. Coker, in the year 1866. At the October term of the superior court of said county, Coker instituted his suit for the foreclosure of said mortgage, which was defended by Worrill, and at the October term of said court, 1871, Coker recovered his judgment of foreclosure for the principal of said notes. Worrill made a motion for new trial, which was overruled, and excepted to the judgment of the court overruling said motion, which was carried to the supreme court by writ of error, etc.

About the time the bill of exceptions was filed in the clerk's office of the court below, Coker sued out a mortgage *fi. fa.* founded on said judgment of foreclosure, had said land levied upon on the 19th day of December, 1871, which levy was superseded by Worrill, at the time of filing said bill of exceptions.

While said cause was pending in the supreme court, said Coker and Worrill compromised said case, which was entered into on the 1st day of June, 1872, the terms of which compromise were put in writing and signed by said Worrill and Coker, which is as follows, to-wit :

" GEORGIA—SUMTER COUNTY :

" *This is evidence of contract this day made and entered into between F. M. Coker and John R. Worrill, both of said county and State :*

" 1st. Worrill agrees, and does hereby discontinue, and dismiss all suits at law or in equity, which he has against Coker, without cost or expense to Coker.

"2d. Worrill now executes his certain promissory notes payable to F. M. Coker or bearer, one for $250 00 due first of November next, and four other promissory notes, each for $1,250 00, due respectively on the first of June, 1873, 1874, 1875 and 1876, these notes, and the one for $250 00, all bearing interest at the rate of ten per cent. per annum from and after this date, all of which the said Worrill agrees to pay punctually at maturity.

"3d. Worrill is to settle with L. C. Barrett all his claim in the Gibbons M. Taylor mortgage claim, which he has already done.

"4th. Worrill now dismisses his writ of error filed in Sumter superior court, in the case of F. M. Coker *vs.* John R. Worrill, the same being a judgment foreclosing mortgage on realty, and agrees to let the judgment for $8,000 00 in that case stand and be permanent, and let *fi. fa.* issue thereon and remain in the hands of F. M. Coker, to be levied and used in case the said Worrill shall fail to pay punctually the notes described in the second part of this contract, and in case said judgment has to be so used it is to remain good for the $8,000, interest and costs, called for by the face thereof, and in case of the failure to pay said notes punctually at maturity, or any one of them, then said judgment shall be free from any, plea or legal exceptions thereto on the part of said Worrill.

"5th. Coker agrees to hold up, and not proceed to enforce the collection of the $8,000 00 judgment described in the fourth part of this contract until there is, or may be a failure on the part of the said Worrill to pay punctually any one of the notes described in the second part of the contract.

"6th. In case of the prompt and punctual payment on the part of Worrill of the notes described in the second part of this contract, then at the end of the last payment the said Coker agrees to cancel the judgment for $8,000 00, described in the fourth part of this contract, and the mortgage on which it is based, and deliver the whole over to Worrill, but should the notes not be paid as aforesaid, then the *fi. fa.* for the $8,000 00, is to be valid and intact to all intents and purposes in favor

of the said Coker for the full amount, and he shall be at liberty to proceed to levy and sell the property included in the said mortgage and mortgage *fi. fa.*, and it shall remain valid and be considered so, and the property subject to sale as though there never had been any compromise, if the notes described in the second part of this contract shall not be punctually met and paid as they mature. Worrill is to pay all costs in the settlement of all the cases.

" In testimony whereof the parties hereto have hereunto set their signatures, this the first day of June, 1872.

" This compromise is to settle Coker's half interest in the Taylor mortgage claim for some $3,800 00, dated in 1862; and is to settle all claims had by Worrill against Coker.

" The $8,000 00 mortgage judgment being for the purchase money of the land included in the mortgage, this compromise is not to affect the priority or lien which the law gives to this character of debt. Signed in duplicate.

" JOHN R. WORRILL,
" F. M. COKER."

Worrill paid the first note named in said contract of compromise, but failed to pay the two next falling due; and on the 3d day of December, 1874, Coker was going forward to advertise and sell said land by virtue of said mortgage *fi. fa.*, under the said old levy, when Geraldine Worrill, wife of said John R., interposed her claim to said land, and at the same time made an affidavit, under the statute in such case made and provided, of her inability to give the bond and security required by law, on account of her poverty. Whereupon Coker filed his bill setting up the foregoing facts, charging waste and mismanagement of said plantation, and fraudulent combination between said John R. and the said Geraldine to hinder, delay and defraud him in the premises, and the insolvency of all the parties defendant to said bill, and concluded said bill with a prayer for an injunction against waste and mismanagement, and the appointment of a receiver to receive the rents, issues and profits of said land, subject to the final decree of the said court, with a waiver of discovery, etc.

At the hearing, under an order of the court to show cause why said injunction and the appointment of a receiver should not be granted, the chancellor rendered a decree appointing a receiver in the words following, to-wit:

"After hearing the bill, answer and affidavits in this case, and after argument of counsel, it is ordered, that Moses Speer, Esq., be, and he is hereby appointed receiver, to take charge of the farm mentioned in said bill, and receive the crops, issues, rents and profits arising therefrom, and hold them subject to the order of the court. If John R. Worrill withdraws his mules and other stock from said farm, which he is at liberty to do, the complainant, Coker, must furnish such stock as is necessary to said farm. He is also to supply said farm with all needful implements of husbandry, and furnish all such supplies as are necessary to keep said farm in running order, and necessary to further the crop.

"After the crops of the year are gathered, the receiver will report to this court the amount and kind thereof, and will keep an account of all expenditures and receipts, and be ready at any time to report to this court.

"J. M. CLARK, J. S. C. S. W. C.

"At Chambers, August 2d, 1875."

And afterwards, during the October adjourned term of said court, 1875, defendants, by their counsel, entered their general demurrer to said bill, for the want of equity, and moved to dismiss said bill and discharge said receiver, which demurrer was overruled, and the receiver retained by the court, and defendants excepted.

The question, therefore, is, do the above recited facts make a case for the interposition of equity? If the case stood between Parker, the vendor and mortgagee, and Worrell, the purchaser and mortgagor, and if, as is alleged, the defendants were insolvent and were committing waste, there being a certain lien on the land in the way of a mortgage to secure the purchase money, there can be no doubt that there would have been equity in the bill : *Tufts vs. Little,* 56th *Georgia Reports,* 139 ; *Chappell vs. Boyd et al.,* this term.

Does it make any difference that the mortgage is in the hands of an assignee for value? We can see none. The assignee is subject to all the equities between the original parties: Code, section 2244. Why is he not entitled to all the rights and equities of the original mortgagee? If the defendant in mortgage may defend as against the original mortgagee, and set up all defenses legal and equitable, why should not the assignee prosecute in the same way, and be clothed with all the rights of the mortgagor? If liable to all the defenses, why is he not panoplied with all the offensive armor of his vendor? We cannot see why not. But here, in this case, Worrill has recognized the assignee as fully in the shoes of this mortgagor; he has treated and traded with him as such mortgagor, about the mortgage, its execution and enforcement; got time from him upon a new agreement, broken that new agreement, and now has got his wife to claim the land that he may waste it all. Such are the allegations, and they are all admitted by the demurrer. The equities of the bill are thick as hops, and we affirm the judgment overruling the demurrer. Some point was made on the right of Coker to proceed with his old levy, as the contract of compromise stipulated that he might levy and sell, indicating, it is urged, a new levy. We think this point very thin. Equity has possession of the whole case now, and her eyes are too searching not to penetrate such shadowy devices. It cannot matter to Worrill whether an old or a new levy shall sell the land, or whether it shall be sold by decree in chancery. His duty is to pay the money he promised, and thus he can stop any sale of it. It follows that the receiver should have been retained.

Judgment affirmed.