### VISAGE *vs.* SCHOFIELD, receiver.

Where the receiver had rented lands to the plaintiff in error after a decree, claimed to be final, but which did not discharge the receiver in terms, and had not been fully executed, and plaintiff in error was holding over his term, he having been a party to the litigation which resulted in the decree, and the receiver applied for an order to dispossess the said plaintiff in error, and to restore the possession to the receiver in order to put in the new tenant;

*Held,* that the order to restore the possession to the receiver was right.

Equity. Landlord and tenant. Before Judge GRICE. Bibb Superior Court. October Adjourned Term, 1877.

One McKellar filed a bill against Visage *et al.* for purposes not material here. The litigation was about certain land. Schofield was appointed receiver, and so acted during the litigation. At the April term of court, 1876, a verdict was rendered and decree made. The decree adjudged certain debts to be due, ordered certain credits to be entered, certain lands to be sold, and the proceeds applied as directed. It did not in express terms either continue or discharge the receiver. Afterwards, he rented a part of the land for the year 1877 to Visage ; at the end of the term he rented to another, and proceeded against Visage by rule to show why he should not be attached for contempt, alleging demand for the land and refusal to deliver. Defendant demurred to the rule on the ground that the litigation was ended and the receiver no longer in office. The demurrer was over-

ruled, and the rule made absolute for the delivery of the land. Defendant excepted.

LOFTON & BARTLETT, for plaintiff in error, cited 2 Dan. Ch. Prac., 436 and note, 1447 and note; 8 Paige, 388; 2 Story's Eq. Jur., 833 and note; 18 Iowa, 179; 9 Paige, 372; 11 *Ga.*, 413; 48 *Ib.*, 41.

LANIER & ANDERSON, by brief, for defendant, cited 45 *Ga.*, 317; 2 *Kelly*, 262; 24 *Ga.*, 75; 26 *Ib.*, 352; 33 *Ib.*, 497; 38 *Ib.*, 554; High on Rec., §§852, 835, 163–166.

JACKSON, Judge.

The single question made is, whether the defendant to the rule, having rented from the receiver since the decree of the court, and his term having expired, and the receiver having rented the land to another, could hold over so as to keep the receiver out and prevent him from putting his new tenant in.

We think that he had no such right, although it was based upon the decree which seemed final.

The receiver remained in office and the property was in the possession of the court, he being its officer until regularly discharged—which was not done by the decree or otherwise.

Besides, this defendant rented from the receiver after the decree.

Judgment affirmed.