## COKER *vs.* SMITH.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

Where, after a mortgage upon realty has been foreclosed, the mortgagee files a bill in equity to enforce his rights under the judgment of foreclosure, and has a receiver appointed to take charge and possession of the realty, but the receiver fails to reduce all the realty to possession, and the fact that all was not in the possession of the receiver not being brought to the notice of the court, a decree was had in the equity cause and a sale under the decree, the person in adverse possession of that part of the land which the receiver had not reduced to possession not having been made a party to the bill, the court of equity, in confirming the sale, will not, upon mere motion or petition, order such adverse holder removed, where his possession was acquired before the bill was filed, though it be in proof that he came in possession as a purchaser under the mortgagor and after the judgment of foreclosure at law, but prior to the decree under which the sale was had.

Equity. Title. Parties. Practice in the Superior Court. Before Judge Crisp. Sumter Superior Court. April Adjourned Term, 1879.

Reported in the opinion.

Cook & Hollis, for plaintiff in error.

Hinton & Mathews, for defendant.

· Jackson, Justice.

Coker foreclosed a mortgage upon certain real estate belonging to Worrill, and trouble and difficulties arising to enforce the judgment at law, he filed a bill in equity and had a receiver appointed to take charge and possession of the land. The receiver failed to possess himself of all of the land, but a part of it was held by Smith, not under the receiver but by purchase from Worrill, before the bill was filed, though after the foreclosure at law. A decree was had on the bill and a sale of the land under the decree, and Coker bought it. The fact that Smith was in possession of part of it seems to have been unnoticed when the decree was had. Smith was not made a party to the bill and had nothing to do with the decree, which seems to have been a consent decree agreed upon between Coker and Worrill. After the sale under the decree Coker filed a petition to have Smith removed, returnable to the first term of the court, to be then tried and determined. The court, on demurrer to the proceeding, refused to entertain it, and dismissed it, whereupon Coker excepted.

Under the English practice a supplemental bill was necessary to enforce the decree and sale against Smith. This course might be followed with us or the original bill might be amended so as to serve Smith regularly and let him have his full day in court; but upon mere motion or petition, we do not think he can be made summarily to respond and be removed. Story's Eq. Pleadings; Code, §4181. From this section of the Code it would seem that Smith should have been made a party to the bill by amendment, and then he could open the whole merits and show any reason in equity why the decree would not be just to him, and not be called on merely to show why he should not be ousted of possession under a decree to which he was no party and under which he held nothing.

At sheriff's sale nobody can be affected who holds adversely. The purchaser must sue before he can oust such

tenant. An assignee since the judgment may be summarily dispossessed, but not one before judgment. Code, §3651. So it would seem under a sale by a decree, one who buys before the decree ought not to be turned out, much less if he buys before the bill was filed. See 56 *Ga.*, 666, when a branch of this case was here before; and 60 *Ga.*, 680, where those holding under the receiver were put out of possession. In this case at bar there is no pretense that Smith held under the receiver. See also 23 *Ga.*, 319, and Code, §§2624, 3638.

Judgment affirmed.