28161.   INDUSTRIAL LIFE AND HEALTH INSURANCE COMPANY *v.* JOHNSON.

Decided April 18, 1940.   Rehearing denied May 31, 1940.

632

*McElreath, Scott, Duckworth & DuVall,* for plaintiff in error.
*Thomas G. Lewis,* contra.

SUTTON, J. "Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Code, § 37-704. Where, as shown by the allegations of the petition in the present case, the plaintiff, a woman, so limited in education that she could not read and understand the mean-

ing and effect of the instrument which she signed, surrendered, upon request of the manager of the insurance company, the policy in which she was named beneficiary, the premium-receipt book and record of payments on the policy sued on, and had presented to her for signature, which she did sign, a receipt or release from liability in consideration of the payment to her of $3.30, whereas the policy provided for payment of $51.75 upon death of the insured, it was a fraud upon the plaintiff, under the circumstances, not to disclose to her the contents of the paper which the defendant, through its manager, requested her to sign. The petition showing by other allegations that the plaintiff made due proof of the death of the insured, that payment had been refused, and that upon being informed, only after she had signed the release, that the sum of $3.30 was all she was entitled to recover, she expressed her dissatisfaction, stated that she did not understand the transaction which she was fraudulently induced to enter into, and that upon discovering that she had been deceived and misled she tendered back the amount she had received and made the offer a continuous one, a cause of action was set forth for recovery of the amount of the policy, and of damages as provided by the Code, § 56-706, and attorney's fees. *Bankers Health &c. Ins. Co.* v. *Griffeth,* 59 *Ga. App.* 740 (2), 742 (1 S. E. 2d, 771). The appellate division of the civil court did not err in reversing the judgment of the trial judge sustaining the defendant's motion to dismiss the action on the ground that no cause of action was set forth.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*