24352. TITSHAW v. CARNES, by Guardian.

58

SUBMITTED NOVEMBER 13, 1967—DECIDED JANUARY 5, 1968—
REHEARING DENIED FEBRUARY 12, 1968.

*Alton T. Milam*, for appellant.
*Noland & Coney, John L. Coney*, for appellee.

MOBLEY, Justice. The appeal is from a judgment overruling general and special demurrers to a petition brought by J. T. Carnes (appellee), as guardian for Clark Logan, against Ray Golden Titshaw (appellant), seeking to cancel warranty deeds made by Logan to the appellant conveying described lands, to temporarily and permanently enjoin the appellant from communicating with Logan, and from selling, transferring, or encumbering the property, and other relief.

■ ■ The appellee made a motion to dismiss the appeal, the first ground of which is that the appeal is premature as the general grounds of demurrer were overruled, several of the special demurrers were sustained, the appellee was given 20 days to amend, the petition was amended, and there has been no subsequent ruling of the court on the general demurrer. In overruling the general demurrer to the petition, the court held that the petition stated a cause of action, even though certain of the special demurrers were sustained. Thus the judgment overruling the general demurrer was appealable without a subsequent judgment ruling on the petition as amended to meet the rulings sustaining certain special demurrers. Ga. L. 1965, p. 18 (*Code Ann.* § 6-701).

■ The second ground of the motion to dismiss is that the brief of counsel for the appellant was not filed with the clerk of this court within 10 days after the appeal was docketed in this court, as required by Rule 20 (as amended) of the rules of this court. 221 Ga. 884. While Rule 20 provides that the brief of counsel for the appellant must be filed with the clerk within 10 days after the case is docketed in this court, the failure to comply with this rule is not cause for dismissal but is matter of

contempt. This court has not heretofore expressly so ruled, but the Court of Appeals in applying a similar rule has so held. See *Neidlinger v. Mobley,* 76 Ga. App. 599 (1a) (46 SE2d 747), and cases cited.

Rule 14 of the Rules of the Supreme Court provides that, "Failure to file enumeration of errors within the time specified in these rules for the filing of briefs may be deemed as failure to perfect the appeal." This court in applying that rule dismissed the appeal in *Napier v. Napier,* 222 Ga. 681 (151 SE2d 712), stating that: "There being no reason or explanation offered as to why the enumeration of errors was not timely, . . . there was a failure to perfect the appeal . . . and accordingly the appeal is dismissed." Failure to file a brief is not a failure to perfect the appeal. In fact, it is not necessary for the appellant to file a brief, but he may appear orally and argue his case. Of course, if he does neither, the case will be dismissed for want of prosecution. Rule 34, Rules of Supreme Court, 220 Ga. 916.

■ The appellee, as guardian for Clark Logan, sought the cancellation of two warranty deeds executed by his ward on August 5, and August 8, 1966. It was alleged that: The appellee was appointed permanent guardian for Logan on August 22, 1966, on a finding that Logan was "a person incapable of managing his own estate." On July 15, 1966, Otis L. Davis filed an application for the appointment of a guardian for Logan, "alleged to be incapable of managing his estate," and at the time this application was filed Logan "was 70 years of age and had, for some years prior thereto been in ill health, physically weak and incapable of looking after his physical well-being or his property, . . ." The appellant knew of the pendency of the guardianship proceedings, and "knows of his own knowledge that the said Clark Logan is incapable of looking after his own affairs and has been so incapacitated for a number of years." When the appellant was advised, on July 12, 1966, that an application would be filed to have a guardian appointed for Logan, he stated that when a guardian was appointed he would surrender the option he held for cancellation, "since he had held such option only for the purpose of preventing Logan's friends from taking his land away from him." The 72 acres of land con-

veyed to the appellant had a value in excess of $72,000. The consideration shown by the deeds was $2,500 for 10 acres and $1,600 for 62 acres, but the appellant paid Logan only $600 for all of the property.

█ The appellee states in his brief that "he does not seek to cancel said deeds on the basis of the grantor's 'incompetence,' but rather on the basis of the gross inadequacy of consideration, the wide disparity in physical and mental ability between grantor and grantee, the actions of the grantee (appellant) in taking the purported option, the events surrounding the application for appointment of a guardian for the grantor and other facts relating to the appellant's actions through the entire transaction."

"Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." *Code* § 37-710. A deed may be set aside in equity, on proof of these two elements, without other proof of fraud. *Tillman v. Byrd,* 211 Ga. 918 (3) (89 SE2d 479); *Sutton v. McMillan,* 213 Ga. 90 (6) (97 SE2d 139).

The appellee points out in his brief the allegations of the petition as to the ill health, weakness and inability of Logan to look after his physical well-being or his property. However, the petition contains no allegation as to the mental ability of either Logan or the appellant. It thus completely fails to show any mental disparity between them, and accordingly fails to allege a cause of action to set aside the deeds on the ground of great inadequacy of consideration joined with great disparity of mental ability.

█ As to whether a cause of action is stated on the ground of fraud, the petition alleges fraud only in general terms, asserting that the appellant "has committed such acts of fraud as render said deeds null and void." It is alleged that the appellant had knowledge of the application for appointment of a guardian for Logan, "alleged to be incapable of managing his estate." However, the petition does not allege that Logan lacked the mental capacity to execute a deed, or that the appellant knew that he was contracting with a person who did not have the mental ability to execute a deed. The allegations of knowledge of the guardianship proceedings are insufficient to show fraud.

"Mere inadequacy of consideration alone will not void a contract. If the inadequacy be great, it is a strong circumstance to evidence fraud; . . ." *Code* § 20-307. See *Cox v. Henry*, 172 Ga. 609 (2) (158 SE 296). The petition alleges great inadequacy of consideration, but fails to allege facts showing fraud.

The court erred in overruling the ground of the general demurrer asserting that the petition failed to state a cause of action. In view of this ruling, it is unnecessary to rule on the special demurrers which were overruled.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Undercofler, J., who dissent.*