24804.   CARNES, Guardian v. TITSHAW.

Submitted September 12, 1968—Decided September 24, 1968.

*Noland & Coney, John L. Coney,* for appellant.

*Alton T. Milam,* for appellee.

Grice, Justice.   Whether an amended complaint seeking cancellation of deeds and other relief is sufficient to withstand a motion to dismiss is the question before us.

The litigation began when J. T. Carnes, as guardian for Clark Logan, filed suit in the Superior Court of Douglas County against Ray Golden Titshaw.   That court held a cause of action was stated.   This court reversed in *Titshaw v. Carnes,* 224 Ga. 57 (159 SE2d 420) (two Justices dissenting), where the relevant facts are set forth.

In that appearance we made two holdings that are pertinent here.   One was that the complaint contained no allegation as to the mental ability of either the grantor Logan or the grantee Titshaw and hence failed to show any mental disparity between them so as to constitute a cause of action on the ground of great inadequacy of consideration joined with great disparity of mental ability.   The other holding was that the complaint failed to allege facts showing fraud, but alleged fraud only in general terms, pointing out that there was no allegation that Logan lacked the mental capacity to execute a deed or that Titshaw knew Logan did not have such ability.

Upon return of the case to the trial court the plaintiff amended the complaint, but the court held that the amendment did not cure the deficiencies above referred to in our decision in 224 Ga. 57, supra, and it dismissed the complaint.

The allegations of the amendment, insofar as necessary to state here, are as follows.

"10.   That . . . Logan was and had been afflicted with an advanced state of senility . . . and . . . was childlike in that he would perform any act or sign any document presented

to him without giving any thought or consideration to his actions, all of which was known by this defendant.

"11. That the defendant . . . well knew the circumstances and physical and mental incapacity of the said Logan, and through artifice, deception and trickery procured the option and the subsequent deeds with the intention to deprive Logan of his worldly belongings. . .

"13. That the defendant, on the other hand, was and is a healthy, robust individual a number of years younger than the said Logan who had owned land adjoining Logan for a number of years and who knew and understood the value of Logan's land and who used his apparent friendship with Logan to procure the deeds in question at a time when Logan's physical and mental abilities were impaired to such an extent that he could not comprehend the effect of the giving of such deeds.

"14. . . . and owing to the great disparity in mental capacity between the defendant and Logan, the defendant was successful . . . [in obtaining deeds from Logan]."

We regard the foregoing amendatory allegations as sufficient to meet the requirements pointed out in the prior appearance of the case. The complaint states a claim on both grounds relied upon by the plaintiff, and should not have been dismissed.

*Judgment reversed. All the Justices concur.*