26206.   JACKSON et al. v. RICH et al.

SUBMITTED DECEMBER 16, 1970—DECIDED JANUARY 7, 1971.

*Ross & Finch, Claude R. Ross, Ellis Ray Brown,* for appellants.

*Kirby G. Bailey,* for appellees.

FELTON, Justice. In this action seeking cancellation, under the provisions of *Code* § 37-710, of a release given by the plaintiffs to the defendants in the sum of $417.02 in settlement of a claim for damages resulting from a collision, although the allegations of the complaint, of both great inadequacy of consideration and great disparity of mental ability in contracting the release, may be merely conclusions of the pleaders which may not be sustained by the evidence on the trial, nevertheless, the sufficiency of the allegations does not determine a motion for summary judgment; otherwise it would merely duplicate the motion to dismiss. Lindsey v. Leavy (CCA 9), 149 F2d 899.

The affirmative allegations to the above effects raised genuine issues of material facts which can only be settled by a jury. These allegations were not pierced by the movant's affidavit showing merely that the release in the stipulated amount was requested by the plaintiffs and that no representations had been made by the defendants to the plaintiffs regarding their legal rights in the premises or the nature and extent of their injuries or damages. The latter statement was contradicted by the plaintiffs, hence merely raised a jury issue as to the parties' credibility. See Arnstein v. Porter (CCA 2), 154 F2d 464, 68 U. S. P. Q. (United States Patent Quarterly) 288, mod'g 66 U. S. P. Q. 281. Moreover, a contract may be set aside in equity based on *Code* § 37-710 without other proof of fraud. *Pye v. Pye,* 133 Ga. 246 (1) (65 SE 424); *Titshaw v. Carnes,* 224 Ga. 57, 60 (159 SE2d 420) and cit.

Therefore, the trial court did not err in its judgment overruling the defendants' motion for a summary judgment.

*Judgment affirmed. All the Justices concur.*