### 49818. AMERICAN SECURITY VAN LINES, INC. v. AMOCO OIL COMPANY.

EBERHARDT, Presiding Judge.

The question presented by this appeal is whether or not appellee's assignor released American Security Van Lines, Inc. from a claim for damaged household goods. American moved the household goods of W. E. Lamberth, an employee of the appellee. Lamberth submitted a claim against American for household goods that were damaged during the move. During negotiations for settlement of this claim American sent two checks to the Lamberths; one for $189.66, which did not contain a release provision, and one week later, a second check for $660.55 which contained a general release. Both checks were endorsed by Mr. Lamberth and cashed. Mrs. Lamberth stated in her deposition and affidavit that the second check was accompanied by a separate written release for the same amount of the check, that she consulted with her husband and together they decided to talk to Mr. Brady, an employee of American, before endorsing the check; that she believed the claim to be worth more than they had received; that Mr. Brady told her that the release on the back of the check did not mean anything as long as she did not sign the separate release, and that the two checks were only partial payment and could be accepted without releasing the entire claim. The separate release, also a general release, was unsigned and retained by the Lamberths and was made a part of the record. American has produced no evidence contrary to Mrs. Lamberth's version of these facts. Subsequently, the Lamberths assigned their claim to the appellee who brought this action. American defended on the grounds of the release and moved for summary judgment, the

denial of which was certified for appeal. *Held:*

"Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it. [Cits.]" *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164). The statements made by Brady to the Lamberths were not such as would prevent her from reading the release, and, in fact, both Mr. and Mrs. Lamberth read it. See *Southern Stages v. Fullington,* 66 Ga. App. 773 (19 SE2d 324). Furthermore, the statements were not of a material fact but were legal opinions as to the effect of signing or not signing the release. "The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. Everyone is presumed to know the law and therefore can not in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion, and this is especially so where there is no confidential relationship between the parties. [Cits.]" *Cotton States Mut. Ins. Co. v. Booth,* 116 Ga. App. 410, 413 (157 SE2d 877); *Swofford v. Glaze,* 207 Ga. 532 (63 SE2d 342); *Clinton v. State Farm &c. Co.,* 110 Ga. App. 417 (2a) 422 (138 SE2d 687). There was no confidential relationship between Brady and the Lamberths, who were direct adversaries in the negotiations. See, *Wheat v. Montgomery,* 130 Ga. App. 202 (3) (202 SE2d 664); *Clinton v. State Farm &c. Co.,* 110 Ga. App. 417 (2b), supra.

The facts distinguish this case from *Southeastern Greyhound Lines v. Fisher,* 72 Ga. App. 717 (34 SE2d 906) cited by appellee, and other cases, e.g., *Heard v. Johnson,* 126 Ga. App. 222 (190 SE2d 455); *Industrial Life & Health*

*Ins. Co. v. Johnson,* 62 Ga. App. 630 (9 SE2d 121); *Atlanta Life Ins. Co. v. Walker,* 53 Ga. App. 80 (184 SE 776). This is not a case where the circumstances of the defrauded party, the inadequacy of the consideration, and the disparity of mental ability between the parties makes the question one for the jury. *Jackson v. Rich,* 227 Ga. 149 (179 SE2d 256); *Bankers Health & Life Ins. Co. v. Griffeth,* 59 Ga. App. 740 (2) (1 SE2d 771). "If there existed a question in appellee's [assignor's] mind relative to release or payment, or if they were unsatisfactory, the release and draft should have been returned to the appellant. *Pan American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (1) (195 SE 326). Instead, appellee [assignor] cashed the draft and used the proceeds. He is bound by the release. . ." *Sentry Ins. v. Mells,* 132 Ga. App. 553 (208 SE2d 566).

Where two checks tendered in settlement of a note and an account were imprinted "by endorsement this check is accepted in full payment of the following account," followed by "settlement of note and account in full," and the payee, informing the maker that the amount was too little, struck out the condition and deposited the checks for payment, we held that "Whether an actual controversy existed between the parties or not, the conduct of [the payee] in accepting and retaining the checks, obliterating the conditional endorsements thereon without the consent of [the maker], and presenting them for payment had the legal effect of acceptance of the terms of the conditional endorsements and resulted in an accord as to the amount due under the notes. (Citations)." *Hornbuckle v. Continental Gin Co.,* 116 Ga. App. 449 (157 SE2d 829). This was in accord with the holding in *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196); *Dixie Belle Mills v. Specialty &c. Co.,* 217 Ga. 104, 106 (2) (120 SE2d 771), as well as cases cited hereinabove.

The release was not stricken from the draft here, and thus the facts here are stronger for holding that an accord and satisfaction was effected by presenting it for payment.

It is to be noted that Lamberth, after accepting and cashing the drafts carrying the releases, assigned the balance of his purported claim for damages to his furniture to Amoco Oil Company, which brought suit

thereon. "A right of action is assignable if it involves, directly or indirectly, a right of property." Code § 85-1805. The assignee of a chose in action other than a negotiable instrument takes subject to all defenses between the original parties. *Worrill v. Coker,* 56 Ga. 666, 668.

Applying the several principles set forth above, it appears that the claim of Lamberth had been settled and terminated prior to the assignment, and consequently the assignee took nothing. There is, as a matter of law, no basis for its action, and movant was entitled to a summary judgment.

*Judgment reversed. Deen and Stolz, JJ., concur.*

SUBMITTED OCTOBER 1, 1974, — DECIDED OCTOBER 24, 1974 — REHEARING DENIED NOVEMBER 21, 1974 — ■■■

*Harris Bullock,* for appellant.
*David H. Fink,* for appellee.