## A95A0830. KING v. CODISCO, INC.
(458 SE2d 881)

BIRDSONG, Presiding Judge.

Annette King d/b/a King Heating & Air Conditioning Service Company appeals the grant of summary judgment to Codisco, Inc. d/b/a Coastline Distributing of Atlanta. King contends the trial court erred by granting summary judgment to Codisco on its claims against her and on her claims against Codisco.

After King's account with Codisco became delinquent, Codisco sued King. King then counterclaimed for fraud and claimed that Codisco had overcharged King, and further claimed that she should be allowed to offset against Codisco's claims the amount owed her, claimed she was entitled to recoupment, and claimed the amount she was owed.

Codisco first sought summary judgment on King's fraud claim, and after summary judgment was granted on that claim, Codisco moved for and was granted summary judgment on its own claim and King's counterclaims. Codisco's motions were based on its claim that any statements made to King that she would receive the lowest price were mere "puffing," and the motion was supported by the affidavit of a Codisco employee who supported his affidavit with Codisco's records showing King's account. King responded to Codisco's motion with affidavits from the Kings and with the affidavit of a former employee of Codisco who serviced the King account. These affidavits stated that to induce King to give Codisco her business, Codisco promised to give King the lowest price available in the Atlanta area. Codisco's response to King's contentions was to rely on the contradictory testimony rule and an affidavit by one of its employees. *Held*:

1. Under our law "dealer talk," "puffing," or expressions of opinion as to quality or price ordinarily do not constitute fraud. See *Marler v. Dancing Waters Lakes*, 167 Ga. App. 99 (305 SE2d 876);

*American Food Svcs. v. Goldsmith,* 121 Ga. App. 686 (175 SE2d 57). Contrary to Codisco's assertions, however, the affidavit by Thompson, Codisco's account representative, shows he told King, on the instructions of his superiors at Codisco, that in return for King's business, Codisco would give King the *"lowest"* price that Codisco gave to any of its customers in the Atlanta area. This statement, however, is not such an expression of opinion; it is definite, capable of exact proof, and not a mere expression of opinion. Indeed, it was a statement of fact. See *American Food Svcs.,* supra at 688. According to King's affidavit, although Codisco provided King with a price sheet showing that it was receiving the lowest price, it did not receive the lowest price because Codisco fraudulently provided King with false price sheets. Other price sheets provided to other customers showed that King did not receive the lowest price Codisco gave its customers in the Atlanta area for purchasing these products. Given Thompson's affidavit, whether this conduct constitutes actionable fraud within the meaning of Georgia law is an issue for the jury. *del Mazo v. Sanchez,* 186 Ga. App. 120, 127-128 (366 SE2d 333).

2. Pretermitting Codisco's assertions regarding contradictory testimony and affidavits by King (see *Gentile v. Miller &c.,* 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.,* 256 Ga. 27 (343 SE2d 680)), we find that the affidavit from Codisco's employee, Jenkins, was insufficient to rebut Thompson's affidavit which was not self-contradictory. Jenkins was merely the custodian of Codisco's business records and was not involved in direct contact with King. Further, his affidavit is contradicted by the price sheets provided King showing the prices charged for the product and the other price sheets provided other customers. In any event, Jenkins' denial of the promises made to King merely create an issue of fact on what representations were made. Under the circumstances, genuine issues of material fact exist on King's fraud claims as well as on her affirmative defenses. Accordingly, the trial court erred by granting summary judgment to Codisco.

3. As King's brief does not contain argument or citation of authority supporting her seventh enumeration of error concerning the grant of summary judgment on her slander claim, this enumeration of error is deemed abandoned. Court of Appeals Rule 27 (c) (2); *Bicknell v. Joyce Sportswear Co.,* 173 Ga. App. 897, 898 (328 SE2d 564).

*Judgment affirmed in part and reversed in part. Johnson and Smith, JJ., concur.*

DECIDED JULY 3, 1995.

*Paul S. Weiner,* for appellant.

*Gray, Gilliland & Gold, Charles A. Ratz, John T. Sparks*, for appellee.