A95A1921. WATSON v. ZURICH-AMERICAN INSURANCE COMPANY.
(470 SE2d 684)

RUFFIN, Judge.

Donald Watson sued Zurich-American Insurance Company ("Zurich") for breach of contract and fraud arising out of an agreement settling his workers' compensation claim. Watson also sought to have the matter remanded to the State Board of Workers' Compensation to set aside the settlement agreement or to have the trial court set aside the agreement and remand to the Appellate Division for further proceedings. The trial court dismissed the claim for breach of contract, and no appeal was taken from that decision. Zurich then moved for summary judgment on the remaining counts. The trial court granted the motion, and this appeal followed. Because Watson failed to show reasonable reliance, an essential element of his fraud claim, we affirm.

Watson, a former truck driver, was injured in 1991 when 400-500 pounds of cargo fell from the back of his trailer and onto his head and right shoulder. He was diagnosed with cervical/lumbosacral strain and suffered blackout spells, sleep disorders, and other symptoms which prevented him from driving. Thereafter, Zurich started paying workers' compensation medical and income benefits to Watson. The payments ceased on May 18, 1992, when Watson signed a stipulation and agreement settling his workers' compensation claim for $35,000 and the payment of medical expenses for 12 months. In

his deposition, Watson testified that Zurich's claims adjuster proposed the idea of settlement and stated: "Give me $35,000 and year option on your medical and if you had anymore (sic) problems afterward we would come back and adjust for you." However, the actual written agreement provided as follows: "It is understood and mutually intended by and between the parties hereto, that the foregoing settlement shall be forever binding and not subject to modification or change in any manner so as to increase or decrease the rights and liabilities of the parties herein." The State Board of Workers' Compensation approved the settlement agreement in June 1992, and neither party appealed the order approving the settlement.

In August 1993, Watson filed this action in the Superior Court of Fulton County. In the breach of contract claim, which the trial court dismissed, Watson alleged that Zurich failed to pay for medical expenses. In his fraud claim, Watson alleged that Zurich's claims adjuster fraudulently induced him to settle his workers' compensation claim without knowledge of his legal rights or advice of counsel.

In granting Zurich's motion for summary judgment, the trial court held that Watson did not reasonably rely on Zurich's alleged misrepresentation because there was no evidence that Zurich's agents prevented Watson from knowing the terms of the settlement agreement. The court also found that Watson failed to state his fraud claim with particularity as required by OCGA § 9-11-9 and failed to restore the $35,000 to Zurich after he discovered the alleged fraud as is required by OCGA § 13-4-60.

1. In his sole enumeration of error, Watson contends the trial court erred in granting summary judgment to Zurich. Watson argues that issues of fact remain to be tried as to whether Zurich fraudulently induced him to settle his claim while he was suffering from the effects of his injury. Watson also contends that, prior to signing the agreement, the adjuster and Zurich's unidentified agent told him that he did not need an attorney because they would "take care of it for [him]."

To prevail on his fraud claim, Watson must prove the following: (1) Zurich's agent made a false representation; (2) at the time, the agent knew it was false; (3) the representation was made to induce Watson to act or refrain from acting; (4) Watson justifiably relied on the representation; and (5) damages. *Centennial Life Ins. Co. v. Smith*, 210 Ga. App. 194, 195 (435 SE2d 498) (1993). Thus, a motion for summary judgment showing that no issue of material fact exists as to at least one of these elements would properly be granted. Id.

"Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous

representations or statements is inadmissible to add to, take from, or vary the written instrument." (Citations and punctuation omitted.) *Chitwood v. Southern Gen. Ins. Co.*, 189 Ga. App. 697, 700 (2) (377 SE2d 210) (1988). "Parol evidence 'is admissible to demonstrate that both parties to [an agreement] were honestly mistaken as to the legal effect of the instrument, and may establish a question of fact over the scope of the [agreement] which is most appropriate for jury resolution. (Cit.)' . . . [Cits.]" (Emphasis omitted.) Id.

Such is not the nature of Watson's testimony. Watson does not "seek a reformation of the [settlement agreement] so as to avoid a *mutually* unintended legal consequence of its execution. Instead, [Watson] urge[s] a total cancellation of the [agreement] so as to avoid [his] *unilateral* mistake in relying upon an alleged misrepresentation as to its intended legal effect. [Cits.] However, the parol evidence rule will not allow a total evasion of the legal consequences of executing a document by one who merely alleges that the legal effect of his execution of that document was misrepresented to him." (Emphasis supplied.) Id. at 701. Therefore, Watson's parol evidence regarding the claims adjuster's alleged misrepresentations would not be admissible and probative of fraud and, thus, would not create a genuine issue of material fact as to the enforceability of the settlement agreement.

"Even assuming [the claims adjuster] misrepresented the purpose or extent of the [settlement agreement], the record in this case does not disclose any artifice, trick, or fraud perpetrated upon [Watson] to prevent [him] from reading it. The only fraud which would relieve a party from an obligation which he has signed, where that party can read and write and is not otherwise under any disability, is that fraud which prevents him from reading what he signed." (Citations and punctuation omitted.) Id. at 700.

Furthermore, "[u]nder Georgia law, absent special circumstances plaintiffs may attack a contract in a court of law on grounds of fraud only where they have exercised due diligence in protecting themselves, instead of merely relying blindly upon representations of another later claimed to have been false. [Cits.]" *Walsh v. Campbell*, 130 Ga. App. 194, 197 (202 SE2d 657) (1973). In *Cochran v. Murrah*, 235 Ga. 304 (219 SE2d 421) (1975), the court summarized the "special circumstances" as follows: "The rule in this state is that where one who can read signs a contract without reading it, he is bound by the terms thereof, unless he can show that an emergency existed at the time of signing that would excuse his failure to read it, or that the opposite party misled him by an artifice or device which prevented him from reading it, or that a fiduciary or confidential relationship existed between the parties upon which he relied in not reading the contract. [Cit.]" Id. at 305. In *Walsh*, supra, plaintiffs sued their own uninsured motorist insurance carrier in equity to nul-

lify a release allegedly procured by fraud. The court acknowledged the general rule that there is no confidential relationship between an insurer and its insured. *Walsh*, supra at 198-199. However, the general rule notwithstanding, the court also acknowledged cases in which plaintiffs made similar allegations and "special circumstances" permitted those plaintiffs to maintain their actions. Id. at 198. See *Jackson v. Rich*, 227 Ga. 149 (179 SE2d 256) (1971) (allegations of great disparity of mental ability between the parties); *Heard v. Johnson*, 126 Ga. App. 222 (190 SE2d 455) (1972) (evidence of plaintiff's disorientation and sickness at the time of signing the release).

In this case, there is no evidence demonstrating that Watson was prevented from learning the terms of the settlement agreement prior to signing it. As the trial court correctly noted, had Watson read the agreement, he would have discovered that it was in direct conflict with what he was allegedly told. Moreover, contrary to Watson's contention regarding his physical and mental ability to execute the agreement, he has presented no evidence that the symptoms which have prevented his return to employment also prevented him from reading the settlement agreement or understanding its terms. Therefore, special circumstances do not exist which permit Watson to maintain his fraud claim against his former employer's insurer.

Furthermore, Watson's reliance on *Griggs v. All-Steel Bldgs.*, 209 Ga. App. 253 (433 SE2d 89) (1993) is misplaced because he did not sustain mentally disabling brain damage as did Griggs. The court in *Griggs* simply held that the Workers' Compensation Act did not bar Griggs' fraud claim against his employer without reaching the merits of the claim. In this case, Watson's right to maintain a fraud claim was not contested.

The foregoing demonstrates that in its motion for summary judgment, Zurich demonstrated the absence of an essential element of Watson's fraud claim, thereby casting upon Watson the burden of presenting specific evidence giving rise to a genuine issue of triable fact. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Watson did not meet this burden, and Zurich was entitled to judgment as a matter of law.

2. The trial court also granted summary judgment on Watson's prayer for equitable relief to set aside the settlement or remand to the State Board of Workers' Compensation. However, because Watson's brief does not contain argument or citation of authority pertaining to this claim, it is deemed abandoned. Court of Appeals Rule 27 (c) (2); *King v. Codisco*, 217 Ga. App. 704, 705 (3) (458 SE2d 881) (1995).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 14, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996 —

*William R. Hurst*, for appellant.

*Barnes, Browning, Tanksley & Casurella, Michael K. Jablonski, Savell & Williams, Steven R. Thornton, Jennifer H. Chapin*, for appellee.